**In the Matter of Marisa AGUILAR, Respondent.**

No. 49S00–1211–DI–617.

Supreme Court of Indiana.

April 2, 2013.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** The Commission learned that a check drawn on Respondent's trust account failed to clear on April 21, 2010, resulting in an overdraft. After the Commission notified Respondent of the overdraft, Respondent failed to respond fully to several demands for a documented explanation. The Commission filed a grievance on September 20, 2011. Respondent responded in a timely manner to the grievance, and the Commission thereafter audited Respondent's trust account. The audit showed that on about 14 occasions during the two months of March and April 2010, Respondent made deposits into and disbursements from her trust account without creating or retaining adequate documentation. During this time period, Respondent make approximately 21 disbursements from her trust account by electronic withdrawal or on-line transfer that were not based upon written withdrawal authorizations.

The parties no facts in aggravation. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; and (2) at the time of the initial overdraft, Respondent was inexperienced in the practice of law.

**Violations:** The parties agree that Respondent violated the following rules governing professional conduct:

Ind. Professional Conduct Rules:

1.15(a): Failure to maintain and preserve complete records of client trust account funds.

8.1(b): Failure to respond fully and in a timely manner to the Commission's demands for information.

Ind. Admission and Discipline Rules:

23(29)(a)(2): Failure to maintain a ledger with separate records for each client with funds deposited in a trust account for a period of five years.

23(29)(a)(3): Failure to create and maintain proper records for trust account activities.

23(29)(a)(4): Failing to detail records or deposits sufficiently to identify each item.

23(29)(a)(5): Making withdrawals from a trust account without written withdrawal authorization stating the amount and purpose of the withdrawal and the payee.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 30 days, beginning on the date of this order, all stayed subject to completion of at least two years of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent will maintain her trust account consistent with the practices set forth in a document entitled "Trust Account Management: Handling Client and Third Party Funds."

(2) Respondent's trust account will be monitored by a Certified Public Accountant approved by the Commission, who will make quarterly reports to the Commission.

(3) If Respondent violates her probation, the Commission will petition to revoke her probation. If her probation is revoked, the stayed suspension be actively served without automatic reinstatement, and Respondent may be reinstated only through the procedures of Admission and Discipline Rule 23(4) and (18).

Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.